UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-cv-23595-BBB

RPS PANAMA HOTEL, INC.,
a Panamanian corporation,

Petitioner,

vs.

ANCON HOTELS, S.A., a Panamanian Corporation; KEYTEL, S.A., f/k/a KEYTEL GLOBAL, S.A. f/k/a HOTUSA HOTELS, S.A., a Spanish corporation; EUROSTARS HOTEL COMPANY, SL, a Spanish corporation;

Respondents.
_______________________________________/

**PETITIONER'S RESPONSE TO RESPONDENTS EUROSTARS AND KEYTEL MOTION TO DISMISS THE PETITION AS AGAINST THEM AND INCORPORATED MEMORANDUM OF LAW**

Petitioner, RPS PANAMA HOTEL, INC., (hereinafter referred to as Petitioner"), by and through its undersigned counsel, hereby responds to the Respondents ANCON HOTELS, S.A., a Panamanian Corporation; KEYTEL, S.A., f/k/a KEYTEL GLOBAL, S.A. f/k/a HOTUSA HOTELS, S.A., a Spanish corporation and EUROSTARS HOTEL COMPANY, SL, Motion to Dismiss, and as grounds therefore states:

**INTRODUCTION**

1. Respondents contend that this action is moot based on their voluntary payment of the arbitration award. That contention fails as a matter of law because Respondents have not provided complete relief.

2. Respondents have paid only the principal amount of the arbitration award. They have not paid (i) post-award prejudgment interest accruing from the date of the award or (ii) taxable

costs incurred in this proceeding. Because those amounts remain outstanding, this Court can still grant meaningful relief. Accordingly, the case is not moot.

## FACTUAL BACKGROUND

3. This is a summary action brought pursuant to the Federal Arbitration Code, 9 U.S. Code § 9; 9 U.S. Code § 202; 9 U.S. Code § 207 and 9 U.S. Code § 301 for confirmation of an arbitration award entered by an Arbitrator.

4. On August 11, 2025, Petitioner filed its Petition in this Court against the Respondents ANCON HOTELS, S.A., a Panamanian Corporation; KEYTEL, S.A., f/k/a KEYTEL GLOBAL, S.A. f/k/a HOTUSA HOTELS, S.A., a Spanish corporation; EUROSTARS HOTEL COMPANY, SL, (hereinafter referred to as "Respondents").

5. RPS PANAMA HOTEL, INC. (hereinafter, "RPS" or the "Petitioner"), is a Panamanian corporation incorporated in accordance with the laws of the Republic of Panama.

6. ANCÓN HOTELS, S.A. (hereinafter, "ANCÓN"), is a corporation incorporated in accordance with the law of the Republic of Panama.

7. KEYTEL, S.A. f/k/a KEYTEL GLOBAL, S.A. f/k/a HOTUSA HOTEL, S.A. (hereinafter, "KEYTEL"), is a public limited company incorporated in accordance with the law of Spain.

8. EUROSTARS HOTEL COMPANY, S.L. (hereinafter, "EUROSTARS") is a limited liability company incorporated in accordance with the law of Spain. EUROSTARS does business in Miami-Dade County through its operation of a hotel in Miami known as "Eurostars Langford" and a hotel in Miami Beach known as "Eurostars Winter Haven".

9. Pursuant to Fed. R. Civ. P. 4(m), the Petitioner is required to serve the Respondents with the Petition ninety (90) days after the filing of the initial pleading, or, in this case, November 9, 2025.

10. The Respondents have been represented in the arbitration proceeding that produced the arbitration award sought to be confirmed herein by: Brian C. Dunning, Esquire; Damián Vallejo, Esquire and Esther Romay Jove, Esquire c/o Dunning Vallejo & MacDonald LLP.

11. On August 11, 2025, the Petition was emailed to Brian C. Dunning, Esquire; Damián Vallejo, Esquire and Esther Romay Jove, Esquire c/o Dunning Vallejo & MacDonald LLP; Email: bdunning@drdllplaw.com , dvallejo@drdllplaw.com , eromay@drdllplaw.com.

12. On August 13, 2025, the Petition was mailed via FedEx to Brian C. Dunning, Esquire c/o Dunning Vallejo & MacDonald LLP 1350 Broadway, Suite 2220 New York, NY 10018, and delivered on August 14, 2025.

13. On September 2, 2025, counsel Brian C. Dunning advised via email that he received a copy of the summonses and petition to confirm arbitration award and further acknowledged that service was improper as his firm was not authorized to accept such service on Respondents behalf and that the fact that their firm represented the Respondents in the ICC arbitration did not provide a legal basis for serving his firm as a substitute for serving the Respondents themselves in accordance with the 1965 Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters or the Inter-American Convention on Letters Rogatory and Additional Protocol.

14. On September 3, 2025, counsel for Petitioner sought the services from ABC Legal Services, Inc., for assistance with international foreign service upon Respondents KEYTEL and EUROSTARS.

15. On September 5, 2025, ABC Legal Services, Inc., advised that it would take approximately six (6) months to serve the Respondents KEYTEL and EUROSTARS in Spain.

16. On October 7, 2025, the court entered an Order to Serve [DE 5] directing Petitioner to properly serve all required individuals or file a Notice with the Court explaining why it has not on or before November 10, 2025. It was further ordered that failure to file proof of service or to show good cause by November 10, 2025 may result in the issuing of a Report and Recommendation recommending dismissal without prejudice of Petitioner's action.

17. On October 10, 2025, the Clerk of Court issued three (3) Alias Summonses for the Respondents ANCÓN, KEYTEL and EUROSTARS [DE 9].

18. On October 27, 2025, a representative from ABC Legal Services, Inc., confirmed receipt of the respective Petition and Alias Summonses for international foreign service on Respondents KEYTEL and EUROSTARS.

19. Additionally, on November 6, 2025, Petitioner mailed the Petition via FedEx with delivery scheduled to be made by November 14, 2025, to each of the Respondents at the addresses listed in the arbitration award.

## MEMORANDUM OF LAW

### LEGAL STANDARD

20. "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (internal quotation marks omitted).

21. The party asserting mootness bears a "heavy burden" of demonstrating that no live controversy remains. *United States v. Concentrated Phosphate Export Assn., Inc.,* 393 U.S. 199, 203 (1968).

**THE CASE IS NOT MOOT BECAUSE PREJUDGMENT INTEREST REMAINS OWED**

22. Petitioner's Petition seeks confirmation of the arbitration award together with post-award prejudgment interest. A confirmed arbitration award bears interest from the date of the award, not from the date of the judgment confirming it. See *Parsons Whittemore Alabama Mach. Serv. Corp. v. Yeargin Constr. Co., Inc.*, 744 F.2d 1482, 1484 (11th Cir. 1984) (concluding that state law governed the award of interest in this diversity case; post-award, pre-judgment interest on the arbitrator's award was proper); *Carey Rodriguez Greenberg & Paul, LLP v. Arminak*, 583 F. Supp. 2d 1288, 1292 (S.D. Fla. 2008) (awarding post-award interest entitled to an award of interest, computed from the date of the award and at the current Florida statutory interest rate).

23. The Eleventh Circuit likewise recognizes the authority of district courts to award such interest. *Industrial Risk Insurers v. M.A.N. Gutehoffnungshütte GmbH*, 141 F.3d 1434, 1446 (11th Cir. 1998) (affirming award of post-award interest to compensate for delay in payment). Respondents' unilateral payment of principal does not extinguish this entitlement. Unless Respondents have paid accrued interest through the date of payment, Petitioner has not received complete relief.

24. Because the Court can still award additional monetary relief in the form of prejudgment interest, this action remains a live controversy.

**TAXABLE COSTS REMAIN OUTSTANDING**

25. Petitioner also seeks taxable costs under Federal Rule of Civil Procedure 54(d)(1), which provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).

26. Respondents have not reimbursed Petitioner for its filing fee and service costs. These amounts are recoverable as a matter of course. *See id.* (establishing presumption in favor of awarding costs).

27. Because these costs remain unpaid, an independent basis exists for denying mootness.

28. Respondents rely on *Drs. Ellis, Rojas & Debs, Inc. v. UMR, Inc.*, No. 24-cv-20428, 2025 WL 74261 (S.D. Fla. Mar. 9, 2025). That reliance is misplaced. In *Drs. Ellis*, the respondent paid the full amount owed, leaving no remaining monetary dispute. *Id.* at *1 (dismissing as moot after full satisfaction of award). Here, by contrast:

- Respondents paid only the principal amount;
- Post-award prejudgment interest remains unpaid;
- Taxable costs remain unpaid.

Because complete relief has not been provided, *Drs. Ellis* is distinguishable and does not control.

**CONFIRMATION REMAINS APPROPRIATE UNDER THE FAA**

29. Under the Federal Arbitration Act, courts must confirm arbitration awards absent limited statutory defenses. Judicial review of arbitration awards is "narrowly limited," and the FAA presumes that arbitration awards will be confirmed. See *Davis v. Prudential Securities, Inc.*, 59 F.3d 1186, 1188 (11th Cir.1995); *Gianelli Money Purchase Plan & Tr. v. ADM Inv. Servs., Inc.*, 146 F.3d 1309, 1312 (11th Cir. 1998) (emphasizing mandatory nature of confirmation).

30. Similarly, under the New York Convention the Court "shall confirm" the award unless a defense applies. 9 U.S.C. § 207.

31. Where monetary obligations remain outstanding, confirmation is both proper and required.

## CONCLUSION

32. Respondents have not met their heavy burden to demonstrate mootness. Because prejudgment interest and taxable costs remain unpaid, this Court can still grant meaningful relief. Accordingly, Respondents' Motion to Dismiss should be DENIED.

Respectfully submitted on this 7th day of April 2026.

By: */s/ David H. Charlip*

David H. Charlip, B.C.S.
Florida Bar No.: 329932
CHARLIP LAW GROUP, L.C.
1313 E. Robinson Street
Orlando, FL 32801
(305) 354-9313 Tel
(305) 354-9314 Fax
dcharlip@charliplawgroup.com
*Counsel for Petitioner*